IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA BEIDEMAN<br>265 Austin Dr.<br>Fairless Hills, PA 19030<br><br>            Plaintiff,<br><br>v.<br><br>TMI EMPLOYEE MANAGEMENT, INC.<br>200 North Buckstown Drive<br>Langhorne, PA 19047<br>        and<br>TMI HOSPITALITY<br>MANAGEMENT, INC<br>200 North Buckstown Drive<br>Langhorne, PA 19047<br>        and<br>STARWOOD CAPITAL GROUP<br>591 West Putnam Avenue<br>Greenwich, CT 06830<br><br>            Defendants | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED**<br><br><br>**COLLECTIVE ACTION ON BEHALF<br>OF PLAINTIFF AND ALL<br>SIMILARLY SITUATED PERSONS** |

### CIVIL ACTION COMPLAINT

Plaintiff, Melissa Beideman (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

                                       **I.**        **Introduction**

1.        Plaintiff has initiated this action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*) and applicable state law(s). As a direct consequence of Defendants' unlawful actions, Plaintiff seek damages as set forth herein.

                                       **II.**        **Jurisdiction and Venue**

2.        This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has

supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because of their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant TMI Employee Management, Inc. ("Defendant Management") operates over 100 hotels throughout the United States, including the locations at which Plaintiff (and the putative class of plaintiffs) worked (Springhill Suites in Langhorne, Pennsylvania)

8. Defendant TMI Hospitality, Inc. ("Defendant Hospitality") operates over 100 hotels throughout the United States, including the locations at which Plaintiff (and the putative class of plaintiffs) worked (Springhill Suites in Langhorne, Pennsylvania).

9. Defendant Starwood Capital Group ("Defendant Starwood") is a is a private equity and venture capital firm specializing in seed, startups, growth capital, buyouts, buyins,

acquisitions, mezzanine, and asset and financial restructuring. The firm also invests in products and services related to the hospitality, recreational, luxury lifestyle retail, other industries assets.[1]

10. Upon information and belief Defendant TMI Hospitality Inc. and Defendant TMI Employee Management, Inc. were acquired and/or merged with Defendant Starwood Capital Group. Upon further information and belief all Defendants overlapped in management and operations of the location at which Plaintiff and the presumed class of plaintiffs worked. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors - during Plaintiff's (and the putative class of plaintiffs') employment - Defendants were/are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single, joint and/or integrated employer for purposes of the instant action.

11. Separate and apart Defendant Starwood is also liable herein under the Successor Liability Doctrine as follows:

    a) Defendant Starwood has been on notice of Plaintiff's potential and actual legal claims, as Defendant Starwood began to engage in the acquisition and/or merger of Defendant Management and Defendant Hospitality in or about June of 2014 and upon information and belief had oversight over the management and operations of the location at which Plaintiff worked since in or about June of 2014 throughout in or about December of 2015 (when she separated from the company). Defendant Starwood still has oversight over the management and operations of the facility at which the putative class of plaintiffs work. Defendant Starwood's aforementioned oversight

---

[1] Defendant Management, Defendant Hospitality, and Defendant Starwood are *hereinafter* collectively referred to as "Defendants" unless indicated otherwise.

and management of Plaintiff's (and the presumed class of plaintiffs') work location was sufficient enough to know that Plaintiff and similarly situated employees were not properly paid overtime in accordance with the FLSA;

b) Upon information and belief, Defendant Starwood has maintained the entire continuity of operations of Defendant Management and Defendant Hospitality without interruption and performs the identical services for the same clientele with the same underlying employees who worked for Defendants Management and Hospitality; and

c) Defendant Starwood is in the best and only position to provide relief sought herein as it is unclear at this stage of the litigation whether Defendants Management and Hospitality are capable of providing any relief having divested itself of the business operations which employed Plaintiff (and the putative class of plaintiffs) and its assets therein.

12. At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff (as well as the putative collective class of plaintiffs) to this collective action consist of employees who worked for Defendants dating back 3 years from the filing of the instant lawsuit.

15. Plaintiff (as well as the putative class of plaintiffs) to this collective action were employed with Defendants as housekeepers (some of which had different titles including but not limited to "housekeeper" and "executive housekeeper").

16. Plaintiff Melissa Beideman (*hereinafter* "Plaintiff") worked for Defendants for approximately 3.5 years as a housekeeper and an executive housekeeper.

17. In or about December of 2015, Plaintiff separated from her employment with Defendants.

18. Plaintiff's (as well as the putative class of plaintiffs) job responsibilities consisted general housekeeping duties, hostess duties, and laundry duties (among other various duties assigned by Defendants' management).

19. Plaintiff and other similarly situated persons, were paid an hourly rate and were never considered exempt employees under the FLSA.

20. Throughout their employment, Plaintiff and other employee's similarly situated to her, worked well over 40 hours per week and often worked (and continue to work) approximately 5-15 hours of overtime per week.

21. Plaintiff (as well as the putative class of plaintiffs) were not paid time and one-half for all hours worked over forty (40) hours per week.

22. Defendants have and continue to perpetuate a system whereby they intentionally fail to abide by overtime laws, which is evidenced by:

> i. Defendants failing to keep proper records of all hours worked by Plaintiff and similarly situated employees;

    ii. Defendants intentionally misrepresenting the amount of hours actually worked by Plaintiff and the putative class of plaintiffs on their bi-weekly paychecks;

    iii. Defendants forcing Plaintiff and the putative class of plaintiffs to clock out before they reached 40 hours, even though they were required to stay longer (beyond 40 hours in one week) in order to finish their job duties;

    iv. Defendants knowingly failing to pay Plaintiff, and the putative class of plaintiffs, time and one half for hours they continued to work past 40 hours in one week after being told they had to clock out.

23. Upon information and belief, Defendants maintain across-the-board unlawful pay policies and practices designed and orchestrated to evade federal wage laws and have failed to pay Plaintiff and the putative class of plaintiffs overtime wages.

**Count I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**-Against All Defendants-**

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. At all times relevant herein, Defendants have and continue to be an "employer(s)" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

26. At all times relevant herein, Defendants to this Action was responsible for paying wages to Plaintiff and employees similarly situated to Plaintiff.

27. At all times relevant herein, Plaintiff, and employees similarly situated to Plaintiff, were employed with Defendants as "employee[s]" within the meaning of the FLSA.

28. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

29. At all times during their employment with Defendants, Plaintiff, and employees similarly situated to Plaintiff, were "non-exempt" employees within the meaning of the FLSA.

30. Defendants' violations of the FLSA as to Plaintiff (and the putative class of plaintiffs) include, but are not limited to:

> i. Defendants failing to keep proper records of all hours worked by Plaintiff and similarly situated employees;
>
> ii. Defendants intentionally misrepresenting the amount of hours actually worked by Plaintiff and the putative class of plaintiffs on their bi-weekly paychecks;
>
> iii. Defendants forcing Plaintiff, and the putative class of plaintiffs, to clock out before they reached 40 hours in one week even though they were required to stay longer in order to finish their duties;
>
> iv. Defendants knowingly failing to pay Plaintiff and the putative class of plaintiffs time and one half for hours they continued to work past 40 hours in one week after being told they had to clock out.

31. As a result of Defendants' failure to pay Plaintiff the wages and overtime compensation due her (and employees who were similarly situated to her), Defendants violated the FLSA, causing Plaintiff and similarly situated employees to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of unlawfully paying employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff and the presumed classed of plaintiffs should be accorded those benefits illegally withheld from the date they first suffered legal violations at the hands of Defendants until the date of verdict;

C. Plaintiff and the putative class of plaintiffs are to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff and the putative class of plaintiffs are to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff and the putative class of plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiffs or the putative class of plaintiffs is to be molded by the Court to maximize the financial recovery available to said plaintiffs in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's and the putative class of plaintiffs' claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 5, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MELISSA BEIDEMAN | : | CIVIL ACTION |
| v. | : | |
| TMI EMPLOYEE MANAGEMENT, INC., ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 2/8/2016 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 265 Austin Drive, Fairless Hills, PA 19030

Address of Defendant: 200 North Buckstown Drive, Langhorne, PA 19047; 591 West Putnam Avenue, Greenwich, CT 06830

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/8/2016        _____        ARK2484
                      Attorney-at-Law                  Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/8/2016        _____        ARK2484
                      Attorney-at-Law                  Attorney I.D.# 91538

CIV. 609 (5/2012)

☜JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BEIDEMAN, MELISSA

**(b)** County of Residence of First Listed Plaintiff: Bucks

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
TMI EMPLOYEE MANAGEMENT, INC., et al.

County of Residence of First Listed Defendant: Bucks

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known):

## II. BASIS OF JURISDICTION
☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
☒ 710 Fair Labor Standards Act

## V. ORIGIN
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor and Standards Act "FLSA" (29USC201)
Brief description of cause:
Violations of the FLSA and applicable state laws.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
(See instructions)  JUDGE   DOCKET NUMBER

Explanation:

DATE: 2/8/2016

SIGNATURE OF ATTORNEY OF RECORD